IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KELVIN LEE WILLIS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-07-CV-1741-M |
| INGRID KAYE STAMPS, | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Kelvin Lee Willis, a Texas prisoner, against Ingrid Kaye Stamps and two of her relatives, Edith P. Stamps and Sheila White, alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.* On October 15, 2007, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this action, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. A RICO case statement then was sent to plaintiff in order to obtain additional information about the factual basis of this suit. *See Marriott*

*Brothers v. Gage*, 911 F.2d 1105, 1107 (5th Cir. 1990) (case statement is "a useful, sometimes indispensable, means to understand the nature of the claims asserted and how the allegations satisfy the RICO statute"). Plaintiff filed his response to the RICO case statement on November 14, 2007. The court now determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

Plaintiff alleges that he, together with I.M. Bircher, are the owners by assignment of a $2.5 million civil judgment against Ingrid Kaye Stamps. (*See* RICO Case St. at 2-3, ¶ 4).[1] Beginning in December 2000, plaintiff contends that Stamps engaged in a series of fraudulent transfers designed to conceal her assets and avoid payment of the judgment. More particularly, plaintiff alleges that: (1) Stamps conveyed a condominium in Houston, Texas, to her cousin, Sheila White, without reasonable consideration; (2) Stamps transferred two parcels of real estate in or near Cleveland, Ohio, to her mother, Edith P. Stamps, and the Edith P. Stamps Family Trust; and (3) Stamps borrowed more than $60,000 against her homestead in Arlington, Texas, and transferred the funds to bank accounts held by Sheila White and Edith P. Stamps. (*See id.* at 1-2, ¶¶ 2(a)-(c)). When Stamps filed for bankruptcy in September 2003, plaintiff alleges that she failed to disclose the transfers in her petition and at a meeting of creditors. (*See id.* at 2, ¶ 2(d)). The bankruptcy court eventually discharged the $2.5 million judgment debt over Bircher's objection. (*See id.* at 3, ¶ 4). Dissatisfied with the outcome of the bankruptcy proceeding, plaintiff now seeks relief against Stamps and her family under the RICO statute.

---

[1] In October 2000, Gregory Bruce Blundon obtained a $2.5 million judgment against Stamps, his former attorney, in a legal malpractice action. (*See* Plf. Orig. Compl. at 2, ¶ 6). The judgment was later assigned to plaintiff and Bircher. (*See* RICO Case St. at 2-3, ¶ 4).

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

      (1)     is frivolous or malicious;

      (2)     fails to state a claim upon which relief can be granted; or

      (3)     seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

Viewed in the light most favorable to plaintiff, the facts alleged in his complaint and the RICO case statement suggest that Stamps, with the assistance of her family members, fraudulently transferred certain properties and concealed assets over a four-year period in order to prevent plaintiff from collecting a $2.5 million judgment. The court further assumes that such conduct

constitutes "a pattern of racketeering activity connected to the acquisition, establishment, conduct, or control of an enterprise." *See Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241, 242 (5th Cir. 1988), *cert. denied*, 109 S.Ct 1531 (1989) (defining elements of a RICO claim). However, it is clear from the pleadings that plaintiff's RICO claim is an impermissible collateral attack on a final judgment of the bankruptcy court and, therefore, is barred by res judicata.

1.

The rule of res judicata, or claim preclusion, "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educational Services, Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005), *cert. denied*, 126 S.Ct. 1662 (2006), *citing Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004). The test for res judicata has four elements: (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. *Id.*; *see also Ellis v. Amex Life Insurance Co.*, 211 F.3d 935, 937 (5th Cir. 2000). "The normal rules of res judicata and collateral estoppel apply to the decisions of bankruptcy courts." *In re Food Fast Holdings, Ltd.*, No. 6:04-CV-562, 2006 WL 2259842 at *5 (E.D. Tex. Aug. 7, 2006), *quoting Katchen v. Landy*, 382 U.S. 323, 334, 86 S.Ct. 467, 475, 15 L.Ed.2d 391 (1966).

In order to determine whether both suits involve the same cause of action, the court uses a "transactional test." As the Fifth Circuit explained:

> Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose. What grouping of facts constitutes a "transaction" or a "series of transactions" must be determined

-4-

> pragmatically, giving weight to such considerations as whether the
> facts are related in time, space, origin, or motivation, whether they
> form a convenient trial unit, and whether their treatment as a unit
> conforms to the parties' expectations or business understanding or
> usage. If a party can only win the suit by convincing the court that the
> prior judgment was in error, the second suit is barred.

*Test Masters*, 428 F.3d at 571 (internal citations omitted). The critical issue is whether the two suits

are based on the "same nucleus of operative facts." *Id.*; *see also Davis v. Dallas Area Rapid Transit*,

383 F.3d 309, 313 (5th Cir. 2004).

2.

All four requirements of res judicata are clearly met here. As the assignee of the $2.5 million

judgment against Stamps, plaintiff was in privity with I.M. Bircher, his co-assignee, who was a party

in the bankruptcy proceeding. The United States Bankruptcy Court for the Northern District of

Texas, a court of competent jurisdiction, entered a final judgment discharging the debt owed by

Stamps. (*See* Plf. Compl. at 3, ¶ 11). Prior to the entry of that judgment, Bircher filed an adversary

proceeding against Stamps, Sheila White, and Edith P. Stamps, wherein he alleged that "Stamps

started to hide her assets right after the judgment against her, that she is not insolvent, and this

bankruptcy is designed to defraud creditors." *Blundon v. Stamps*, No. 04-4309 (N.D. Bankr. Tex.)

(Doc. #8). In an amended complaint filed in the bankruptcy case, Bircher specifically alleged that

Stamps gave false testimony at a meeting of creditors about the transfer of properties to her mother

and cousin, that the transfers were made with the intent to defraud creditors, and that Stamps

concealed information about her true financial condition. *Blundon v. Stamps*, No. 04-4309 (N.D.

Bankr. Tex.) (Doc. #22). Those same allegations form the predicate acts of plaintiff's RICO claim.

(*See* RICO Case St. at 1-2, ¶¶ 2(a)-(d)). Because plaintiff's RICO suit is a "thinly disguised collateral

attack" on a final judgment of the bankruptcy court, his claim is barred by res judicata. *In re Met-L-Wood Corp.*, 861 F.2d 1012, 1018 (7th Cir. 1988), *cert. denied*, 109 S.Ct. 1642 (1989). *See also Regions Bank v. J.R. Oil Co., LLC*, 387 F.3d 721, 731-32 (8th Cir. 2004) (RICO claim barred as impermissible collateral attack on final judgment of bankruptcy court); *Chemlen v. Bank of Ireland First Holdings, Inc.*, 8 F.3d 809 (Table), 1993 WL 443822 at *2 (1st Cir. Nov. 3, 1993) (affirming dismissal of RICO case where plaintiff had opportunity to present the same allegations in prior bankruptcy case); *Hendrick v. Avent*, 891 F.2d 583, 586-87 (5th Cir.), *cert. denied*, 111 S.Ct. 64 (1990) (holding that RICO and securities claims that were "directly inconsistent with the crux" of prior bankruptcy court decision are "same cause of action" for purposes of res judicata).[2]

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[2] To the extent plaintiff attempts to plead a fraudulent transfer claim or any other claim under Texas law, such claims are also barred by res judicata. Moreover, the court lacks diversity jurisdiction over any state law claims because plaintiff and two defendants, Ingrid Kaye Stamps and Sheila White, are citizens of Texas. (*See* Plf. Orig. Compl. at 1-2, ¶¶ 2, 3, 5).

DATED:  November 27, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE